<u>NOT FOR PUBLICATION</u>                    [Docket No. 1, 19]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LOUISA CORBETT,                          Civil No. 11-256 RMB

               Plaintiff,

   v.                                   OPINION

COMMISSIONER OF SOCIAL SECURITY

           Defendant.

Louisa A. Corbett
625 Jacksonville Rd.
Mt. Holly, NJ 08060
    *Pro Se* Plaintiff


David L. Brown, Esq.
Special Assistant U.S. Attorney
Social Security Administration
Office of General Counsel
26 Federal Plaza, Room 3904
New York, N.Y. 10278
    Attorney for Defendant Commissioner of Social Security

**Bumb**, United States District Judge:

Plaintiff Louisa A. Corbett ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Commissioner") regarding Plaintiff's disability insurance benefits, old-age or retirement insurance benefits, and widow's insurance benefits, under the Social Security Act, 42 U.S.C. § 401, et seq.[1] ("the Act"). For the reasons set forth below, this Court will AFFIRM the decision of the Commissioner.[2]

I.   Background

Plaintiff, a widow since April 1974, worked as a Federal Civil Service employee at Fort Dix, New Jersey from 1973 until she was terminated on June 26, 1982. (R. at 23, 81). As an employee of the federal government, the Social Security Act ("Act") did not cover plaintiff's earnings for that term. Instead, Plaintiff participated in the federal government's pension plan for civil employees, known as the Civil Service Retirement System ("CSRS"). (R. at 23).

---

[1]   This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

[2]   Plaintiff has also moved for an evidentiary hearing and the imposition of sanctions against Defendant. [Docket No. 19]. That motion is DENIED. No hearing is necessary because a court's review of a social security determination on appeal is limited to "the record that was made before the ALJ."  Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Neither has plaintiff presented new, material evidence and "good cause for not having produced the evidence earlier," that would justify remand to the ALJ for a new hearing.  Id. (recognizing that the appropriate procedure in such circumstances is remand).  And sanctions are unwarranted as Plaintiff has cited no legal basis for an imposition of sanctions.

Following her termination, Plaintiff was employed privately with the Boy Scouts in Westampton, New Jersey for one year and then was rehired as a federal Civil Service employee in 1984 at the McGuire Air Force Base, where she worked until she was terminated in 1994. (R. at 81). Due to changes to the Act made in 1983, which required that federal employees hired on or after January 1, 1984 be covered by Social Security, the Act covered Plaintiff's earnings during this latter term of federal employment. (R. at 23). Following her termination at McGuire, Plaintiff returned to the private sector and worked for ADP in Mount Laurel, New Jersey from 1994 until 1996. (R. at 81).

On August 16, 1999, Plaintiff filed an application for Social Security Disability Insurance Benefits ("DIB"), and her application was approved. (R. at 17). On October 26, 2000, Plaintiff filed an application for Widow's Insurance Benefits ("WIB") on the record of her deceased husband Alfredo D. Corbett. (R. at 17). Under the Act, an individual who qualifies for two Social Security benefits is only eligible to receive the greater of the two and, in Plaintiff's case, it was determined that the greater amount was her widow's benefits. (R. at 17). Therefore, Plaintiff was awarded disability benefits on her account plus the additional amount she was eligible for due to her husband's account, so that the amount paid to her was equal to her widow's benefits alone. (R. at 17).

In 2002, Plaintiff turned 62 and applied for her CSRS pension. (R. at 82). In a letter dated November 1, 2002, the Office of Personnel Management ("OPM") informed Plaintiff that her application was approved and she would begin receiving her monthly annuity. (R. at 88). A month and a half later, Social Security informed Plaintiff that because she was receiving a CSRS pension (non-covered pension) and social security benefits the Windfall Elimination Provision ("WEP") mandated that her social security benefits be recalculated and reduced under the WEP formula. (R. at 18).

On September 2, 2003, Plaintiff was notified that another change, this time an increase, in her Social Security benefits was needed. (R. at 18). The Social Security administration had discovered that her 1985 earnings were erroneously reported as non-covered earnings, when, in fact, they were covered. As a result Plaintiff's disability benefits were increased retroactive to August 1999. (R. at 18).

In a letter dated May 30, 2006, Social Security advised Plaintiff that at 65 years and six months Plaintiff had reached full retirement age ("FRA") and her disability benefits have been converted to retirement benefits as of March 2006. (R. at 96). This change also affected her widow's benefits, which were previously reduced because of age. Now at FRA she was entitled to the full amount. (R. at 24).

Plaintiff believed she was not receiving the maximum benefits she was entitled to, and filed several "Requests for Reconsideration." The Social Security Administration responded to each of her requests accordingly, giving her detailed accounting of her benefits. (R. at 18). Plaintiff, nonetheless, remained unconvinced of the propriety of her benefit amount and requested a conference.  On September 20, 2007, Plaintiff met with employees of the Social Security Administration. (R. at 19). On January 19, 2008, a formal "Notice of Reconsideration" was issued including a "Reconsideration Determination" discussing in length the issues in the case and the calculation of Plaintiff's benefits. (R. at 19). The Reconsideration Determination affirmed that, in fact, Plaintiff was receiving the maximum benefit possible based on her own and her deceased husband's record. (R. at 19).

Plaintiff requested a hearing to appeal the Reconsideration Determination. On September 17, 2008, a hearing was held before Administrative Law Judge ("ALJ"), Daniel Shoemaker, at which an attorney represented Plaintiff. (R. at 20). The ALJ issued his opinion on January 27, 2009, in which he found that: (1) the WEP applied to Plaintiff's disability and retirement benefits; (2) Plaintiff's widow's benefits were not subject to the Government Pension Offset, but were properly reduced based on her receipt of disability benefits and, later, retirement benefits; (3) the

5

Administration had calculated Plaintiff's benefits correctly,
using the proper formulas; and (4) the calculations the
Administration were correct because Plaintiff did not meet her
burden to dispel the "presumption of regularity" that attaches
to the actions of Social Security employees. (R. at 25). He
therefore concluded that Plaintiff "has been and is receiving
the correct benefit amount, as set out in the Reconsideration
Determination dated January 19, 2008." (R. at 26).

Plaintiff then requested review of the ALJ's decision from
the Social Security Appeals Counsel. On December 8, 2010 the
Appeals Council denied Plaintiff's request, and the ALJ's
decision thus became the final decision of the Commissioner of
Social Security. (R. at 7). On January 18, 2011, Plaintiff,
having exhausted her administrative remedies, filed the above
captioned action, seeking review of the Commissioner's decision.

II. <u>Standard of Review</u>

The Social Security Act provides for judicial review of any
"final decision of the Commissioner of Social Security." 42
U.S.C. § 405(g). The district court may enter a judgment
"affirming, modifying, or reversing the decision of the
Commissioner of Social Security, with or without remanding the
cause for a rehearing." <u>Id.</u> The Court must uphold the
Commissioner's factual decisions if they are supported by
"substantial evidence in the record." <u>Id.</u>; <u>Knepp v. Apfel</u>, 204

F.3d 78, 83 (3d. Cir. 2000). However, the ALJ's legal
conclusions are reviewed de novo. See Poulos v. Comm'r of Soc.
Sec., 474 F.3d 88, 91 (3d Cir. 2007)("We review the ALJ's
application of the law de novo."); Lombardy v. Dir., Office of
Workers' Comp. Programs, 355 F.3d 211, 213 (3d Cir.
2004)("Matters of law are subject to plenary review by this
Court.").

III. Discussion

    Plaintiff makes three arguments on appeal: (1) that the
Administration's legal determinations were erroneous; (2) that
the Administration erred in its calculation of her benefits and
in administering her payments; and (3) that Plaintiff's rights
to due process were violated. The Court addresses each of
Plaintiff's arguments in turn.

    A.   The Administration's Legal Determinations

    Plaintiff makes two legal arguments: (1) that the ALJ erred
in concluding that her disability and retirement benefits were
subject to the WEP; and (2) that the Administration erred in
determining her entitlement to widow's benefits.

    With respect to the WEP, the Administration properly
concluded that Plaintiff was subject to this provision.  The WEP
applies to "a benefits claimant who becomes eligible for
benefits after 1985 and also becomes available for a benefit
from non-covered employment."  Elshinnaway v. Comm'r of Social

7

Sec. Admin., 244 F. App'x 459, 462 (3d Cir. 2007); 42 U.S.C. §
415(a)(7).  Here, Plaintiff worked for the federal government
from 1973 to 1982 in non-covered employment, and from 1984 to
1996 in covered employment.  (R. at 88, 474).  In November 2002,
Plaintiff began receiving her CRSR pension.  (R. at 88).
Plaintiff therefore became eligible for Social Security benefits
after 1985, as required by the statute, and was also eligible
for benefits for non-covered employment.  Accordingly, the
Administrator's conclusion that Plaintiff was subject to the WEP
was both supported by substantial evidence and legally correct.[3]

The Administration's determination with respect to
Plaintiff's widow's benefits was also legally correct.
Plaintiff argues that she is improperly receiving reduced
widow's benefits.  Specifically, she asserts that she is not
subject to the Government Pension Offset ("GPO"), and is
therefore entitled to 100 percent of her widow's benefits.
Pl.'s Brief at 2.  That conclusion does not follow.

---

[3]   Plaintiff, without any factual or legal support, argues that she "is an
   exception to the" WEP. Pl.'s Brief at 4.  There appears to be one
   exception to WEP that could be potentially applicable to Plaintiff.  42
   U.S.C. § 415(a)(7)(D) provides an exception to WEP for individuals who
   have thirty or more years of covered earnings of a minimum amount.
   Elshinnawy, 244 F. App'x at 463.  However, Plaintiff has produced no
   evidence that this exception applies.  And, in any event, the
   Administration appears to have considered the potential applicability of
   this exception previously and concluded that Plaintiff had only 15 years
   of eligible covered employment.  (R. at 160).

The Administration agreed with Plaintiff that her widow's benefits are not subject to GPO. (R. at 24). However, as noted by the ALJ in his opinion (R. at 21), they are subject to another reduction. Where an individual, like Plaintiff, is entitled to disability benefits or to retirement benefits based on their own account, and is also entitled to widow's benefits, their widow's benefits are reduced by an amount equal to the disability or retirement benefits. 20 C.F.R. § 404.407. "The effect of the provision is to limit the recipient to the larger of the two benefits." Cook v. Heckler, 783 F.2d 1168, 1169 n.1 (4th Cir. 1986). The Administration's conclusions as to Plaintiff's widows's benefits were therefore supported by substantial evidence and legally correct. Accordingly, the Administration's legal determinations are affirmed.

B.    Calculation and Administrative Errors

Plaintiff asserts that the Administration made errors in calculating her benefits under the applicable formulas and in administering her payments. She claims that the Administration: (1) failed to properly account for her 1985 earnings (Pl.'s Br. at 7); (2) incorrectly applied the WEP formula (Pl.'s Br. at 3); (3) improperly offset her CSRS pension (Pl. Br. at 4); (4) failed to properly credit her with an upward adjustment of her widow's benefits upon reaching FRA (Pl.'s Br. at 2); (5) owed her for widow's benefits prior to her initial receipt of such

benefits (Pl.'s Br. at 2)("Ms. Corbett is a Widow . . . since 4/4/1974 and did not receive any Widow's Benefits until October 2000 and it was reduce [sic] to $214."); and (6) failed to send Plaintiff her May 1996 widow's benefits (Pl.'s Br. at 2).

Plaintiff has not, however, presented this Court, or the Administrator, with any evidence of these claims.  In the absence of such evidence, the actions of Social Security officials are entitled to "[a] presumption of regularity [and this Court must] assumes that they have properly discharged their official duties." Kephart v. Richardson, 505 F.2d 1085, 1090 (3d Cir. 1974); see also Frisby v. U.S. Dept. of Hous. & Urban Dev. (HUD), 755 F.2d 1052, 1055 (3d Cir. 1985)("Agency action is entitled to a presumption of regularity. The burden of proof rests with the party alleging irregularity.").  In addition, Plaintiff's claim of a missed check appears to be beyond the scope of the administrative process she invoked and, therefore, outside the proper scope of this appeal.  See 20 C.F.R. § 404.930 (providing only for an administrative hearing for benefits determination, not to resolve failures to pay benefits); 42 U.S.C. § 405(g)(providing for judicial review of a final decision of the Commissioner).  Finally, Plaintiff's claim that she was entitled to an earlier award of widow's benefits was not raised below and will therefore not be considered here. Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding

10

that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal"). Plaintiff's claim of calculation and administrative error is therefore rejected.

  C. <u>Plaintiff's Right to Due Process</u>

  Plaintiff makes two due process based arguments. First, Plaintiff argues that her right to due process was violated because she was not allowed to testify before the ALJ and she "was not given the opportunity to explain any of [her] exhibits." Pl.'s Brief at 10, 12. "The Social Security Act gives those claiming disability benefits a right to a hearing in which witnesses may testify and evidence may be received." <u>Ventura v. Shalala</u>, 55 F.3d 900, 902 (3d Cir. 1995)(citing 42 U.S.C.A. § 405(b)(1)). Due process requires that any hearing afforded claimant be full and fair. <u>Id.</u> (citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401-02 (1971). A claimant also has a statutory right to be represented by counsel at the hearing. <u>Mayes v. Soc. Sec. Admin.</u>, 190 F. App'x 183, 186 (3d Cir. 2006) (citing 42 U.S.C. § 406(a)).

  Contrary to Plaintiff's assertions, she was afforded all the rights required by due process and under statute. Plaintiff was given an opportunity to appear at hearing and did, in fact, attend a hearing before an ALJ, at which she was represented by

counsel.  (R. at 453). Plaintiff's counsel presented her case and her evidence before the ALJ. (R. at 458). The ALJ informed Plaintiff this was her opportunity to "to explain everything" she believed the ALJ needed to know and that she "should not be ashamed or embarrassed to tell [the ALJ] about anything [Plaintiff] believe[d] [was] important." (R. at 456.) Plaintiff then had an opportunity to make her case and was questioned by the ALJ and her own attorney. (R. at 462-99). At the close of the hearing, the ALJ gave Plaintiff an additional opportunity to submit further evidence and clearly lay out her complaint. (R. at 493). And Plaintiff's counsel, in fact, submitted additional evidence on October 7, 2008. (R. at 380).

Second, Plaintiff contends that the Administration violated her right to due process because it failed to provide her with "any clear and justifiable explanation of why [her] benefits were reduced." Pl.'s Letter to the Court, July 25, 2011. Due process requires that "notice of benefits determinations . . . provide claimants with enough information to understand the reasons for the agency action . . . in all instances." Kapps v. Wing, 404 F.3d 105, 123-24 (2d Cir. 2005).  However, "the specific type of notice required will vary depending on the circumstances."

Here, the Administration properly discharged its due process obligation to provide notice and explanation to Plaintiff of its

benefit determinations.  Plaintiff's file contains numerous notices and letters from the Social Security Administration explaining to Plaintiff its benefit determinations, and the bases for those determinations.  Even if these notices were somehow deficient, and there is no reason to believe they were, any deficiency was remedied by the Administration's other efforts to explain its determinations to Plaintiff.  Several Social Security officials met with Plaintiff and attempted to clarify these issues. For example, on October 6, 2004 a Social Security District Office employee interviewed Plaintiff about these issues. (R. at 57). That employee reported that "as usual [he] spent a very long time going over things with [Plaintiff] . . . after she saw a service rep for perhaps an hour." (R. at 57).  On June 20, 2005, another Social Security employee spent over an hour with Plaintiff going over the benefit computations. (R. at 63). Finally, as discussed above, a hearing was conducted before an ALJ who carefully reviewed Plaintiff's case and prepared a detailed opinion explaining the bases for his legal determinations. Therefore, Plaintiffs' due process claims are without merit.

IV.  <u>Conclusion</u>

    For all these reasons, the Commissioner's decision is

AFFIRMED.

<u>s/ Renée Marie Bumb</u> <br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated:  <u>June 27, 2012</u>